UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DANIEL BARTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:07CV00067 FRB |
| | ) |
| MICHAEL J. ASTRUE, Commissioner | ) |
| of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on attorney Russell C. Still's Motion To Approve Attorney's Fee, filed pursuant to 42 U.S.C. § 406(b). (Docket No. 25/filed December 2, 2009). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

**I. Background**

On August 28, 2002, Mr. Daniel Barton filed applications for Social Security Disability Benefits and Supplemental Security Income Benefits. Mr. Barton's applications were initially denied, and he requested and received a hearing before an administrative law judge ("ALJ"). During Mr. Barton's hearing, he was represented by counsel other than Mr. Still. The ALJ's decision was unfavorable to Mr. Barton, and Mr. Barton's subsequent appeals to defendant Agency's Appeals Council were also unsuccessful.

On January 16, 2007, Mr. Barton, who was then represented by Mr. Still, filed a Complaint in this Court, seeking review of defendant Agency's decision. (Docket No. 1). On May 29, 2007, Mr. Still filed a Brief In Support Of The Complaint, (Docket No. 15), in which he argued that the ALJ's decision was not supported by substantial evidence on the record as a whole because the record contained no medical evidence supporting the ALJ's decision.

In an Order and Judgment entered March 10, 2008, this Court noted that the ALJ's credibility and residual functional capacity determinations were flawed, and remanded the case to the Commissioner for further proceedings. (Docket No. 18). As the prevailing party in this civil action, Mr. Still petitioned this Court for, and ultimately received, an award of attorney's fees in the amount of $2,546.35, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1) et seq.

On remand to defendant Agency, Mr. Still continued to represent Mr. Barton, although the agency-level work Mr. Still performed for Mr. Barton is not at issue in the instant motion.[1] After a second administrative hearing, Mr. Barton was awarded $65,822.00 in past-due disability benefits, from which defendant Agency withheld 25%, or $16,455.50, for potential attorney fees. From that withheld amount, defendant Agency has already paid Mr.

---

[1] See Smith v. Sullivan, et al., 986 F.2d 232, 233 (8th Cir. 1993) (citing Fenix v. Finch, 436 F.2d 831, 838 (8th Cir. 1971)(federal courts lack jurisdiction to award attorney's fees for administrative-level services)).

Still $7,000.00, leaving a balance of $9,455.50.

In the instant motion, Mr. Still seeks that balance ($9,455.50), claiming that his contingency fee agreement with Mr. Barton allowed him an attorney's fee of 25% of any past-due benefits payable to Mr. Barton. Mr. Still has provided this Court with a detailed account of the number of hours he spent representing Mr. Barton, for a total of 18.75. Mr. Still also seeks this Court's order that he reimburse to Mr. Barton $2,546.50, the amount he received pursuant to his EAJA application.

In response, the Commissioner contends that Mr. Still's fee request is unreasonable because it would amount to an hourly fee of $504.29 per hour, and would therefore represent a windfall to Mr. Still. Citing Gisbrecht v. Barnhart, 535 U.S. 789, 795 (2002), the Commissioner asks that this Court independently verify that the contingency fee arrangement satisfies the statutory requirement of yielding a "reasonable" result. Finally, the Commissioner requests, in accord with Mr. Still, that this Court order Mr. Still to refund to Mr. Barton the lesser of either the § 406(b) award, or the EAJA award.

In response, Mr. Still also cites the Gisbrecht decision, and argues that the fee he seeks is reasonable because there was a high probability that he might receive no payment at all for representing Mr. Barton; that Mr. Barton had not prevailed at the administrative level when represented by other counsel; and that Mr. Barton prevailed when Mr. Still represented him. Mr. Still

writes that plaintiff "was within an eyelash of losing his claim entirely," and further states that he "rescued" Mr. Barton's claim, and in no way delayed it. (Docket No. 27 at 2). The matter is now fully submitted. For the following reasons, Mr. Still's Motion is granted in part, and denied in part.

## II. Discussion

Attorneys representing successful Social Security claimants may seek fees under two different statutes: 42 U.S.C. § 406(b), and 28 U.S.C. § 2412(d) et seq. ("EAJA").[2] Under § 406, the statute under which Mr. Still now petitions this Court, a court entering judgment in favor of a Social Security benefits claimant who was represented by an attorney "may determine and allow as part of its judgment a *reasonable fee* for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A) (emphasis added). Fees paid pursuant to § 406 are paid from the claimant's past due benefits.

Under the EAJA, a party who prevails in a civil case against the United States may be awarded fees payable by the United States if the government's position in the litigation was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A). Fees paid under the EAJA are paid with agency funds.

---

[2]In Gisbrecht, the Court recognized that fee awards may be made under both the EAJA and 42 U.S.C. § 406(b)(1), but that an attorney who receives both must refund to the claimant the smaller of the two. Gisbrecht, 535 U.S. at 796 (citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985)).

-4-

In Gisbrecht, the Supreme Court held that § 406 controlled, but did not displace, contingency-fee agreements as the primary means by which fees are set for representing Social Security claimants. Gisbrecht, 535 U.S. at 793, 808-09 (reversing the lower court's decision because it rejected the "primacy of lawful attorney-client fee agreements" and used a lodestar calculation to set the attorney's fee). The Court held that, when the requested fee was within the 25% limit, the district court should conduct an "independent check" to ensure that the fee sought is reasonable in light of the services rendered. Id. at 807. Attorney-client fee agreements calling for fees in excess of 25% of past-due benefits are unenforceable. Id. The attorney bears the burden of establishing that the fee sought is reasonable. Id.

The Court held that a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must look first to the contingent fee agreement, and then test it to ensure that it yields a reasonable result in that particular case. Gisbrecht, 535 U.S. at 807-08. The Court noted that courts that had followed this model had "appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved." Id. at 808. The fee resulting from a contingency fee agreement can be reduced by the court if the attorney provided substandard representation, or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the "benefits are large in comparison

to the amount of time counsel spent on the case." Id. The determination of reasonableness is left to the court's discretion. Id. (district courts are "accustomed to making reasonableness determinations in a wide variety of contexts, and their assessments in such matters, in the event of an appeal, ordinarily qualify for highly respectful review.")

As noted above, in response to the instant Motion, the Commissioner argues that granting Mr. Still the amount he seeks would represent a windfall to him, inasmuch as he would receive in excess of $500.00 per hour for his services. To consider only this factor and then reject Mr. Still's request, however, would be to ignore the primacy of lawful attorney-client fee agreements, Gisbrecht, 535 U.S. at 793, and would also fail to consider the character of the representation Mr. Still provided to Mr. Barton, and the result he was able to achieve. Mr. Still brought more of value to the attorney-client relationship than mere hours. As Mr. Still argues in support of his Motion, he undertook a risk when he agreed to represent Mr. Barton. While represented by other counsel, Mr. Barton had been unsuccessful at the administrative level, and had received nothing. When Mr. Still undertook to represent Mr. Barton, there existed the very real possibility that he would expend significant time and effort and receive nothing. Also significant are the results Mr. Still was able to achieve, inasmuch as he transformed what had been a worthless claim into a successful one. In his brief to this Court, Mr. Still presented

Mr. Barton's case in a thorough and cogent manner. The Court also notes that Mr. Still did not represent Mr. Barton during his first round of administrative proceedings, and therefore had to familiarize himself with the details of the history of Mr. Barton's case, his claims, and his medical history. Finally, the undersigned notes that the record does not indicate (nor does the Commissioner contend) that Mr. Still caused any delay in Mr. Barton's case, or that he provided substandard representation.

As noted above, the Commissioner contends that Mr. Still's request would amount to a "windfall." Although the Gisbrecht Court also used the word "windfall," it did not define it. Webster's Dictionary defines "windfall" as "something of value received unexpectedly, without any effort of one's own to secure it." THE NEW LEXICON WEBSTER'S DICTIONARY OF THE ENGLISH LANGUAGE, 1126 (1990). In this context, it could be said that an attorney representing a successful social security claimant would receive a windfall if his or her client unexpectedly received a favorable award the day after the contingency fee agreement was signed, inasmuch as such a situation would allow the attorney to profit without expending any effort. See Mitchell v. Barnhart, 276 F.Supp.2d 916, 921 (S.D. Iowa 2005) (using "windfall" in this context and finding that an attorney's fee request was "reasonable" under Gisbrecht).

In the case at bar, awarding Mr. Still the amount he seeks would not represent a windfall, inasmuch as it is undisputed

that Mr. Still expended significant time and effort on Mr. Barton's behalf. The Court is also mindful of the importance of allowing fees to ensure that competent attorneys are willing to represent social security claimants, the majority of whom may have no ability to pay a retainer. Attorneys representing people seeking judicial review of disapproved disability claims are just as entitled to compensation as attorneys performing other types of legal work. The fee Mr. Still requests here was not unforseen, and it certainly cannot be said that Mr. Still did not expend effort to obtain it. Instead, the fee became available only because of Mr. Still's efforts on Mr. Barton's behalf. The fee is therefore not a windfall. Having first considered the primacy of the attorney-client agreement here and then tested it for reasonableness, as discussed above, and having determined that the fee is not a windfall, the undersigned concludes that, under the circumstances of this case, the fee Mr. Still seeks is reasonable.

Problematic, however, is the fact that both Mr. Still and the Commissioner ask this Court to enter an order directing Mr. Still to refund the amount he received pursuant to his prior EAJA application, $2,546.35, to Mr. Barton. Neither Mr. Still nor the Commissioner cite this Court to any precedent or statute authorizing this Court to issue such an order, and independent research reveals none. As noted above, the EAJA does include a Savings Provision that provides, in relevant part, that an attorney who recovers fees under both the EAJA and § 406(b) must refund to

his client the amount of the smaller fee. 28 U.S.C. § 2412 note, Pub.L. 99-80, § 3, 99 Stat. 186 (1985). However, the Savings Provision places this obligation squarely upon the attorney's shoulders, and nowhere indicates that this Court should take any action with respect to the refund. See Jackson v. Commissioner of Social Security, 601 F.3d 1268, 1272 (11th Cir. 2010) (the obligation to issue the required refund is the attorney's; the EAJA Savings Provision does not require courts to take action with respect to the refund). Furthermore, while other courts have reduced the § 406(b) fee award to account for the previously-received EAJA fee, this Court sees no reason to do so, inasmuch as Congress has specifically provided that it is the attorney's obligation to do so.

This Court therefore declines to order Mr. Still to refund the amount he received pursuant to his EAJA application. Pursuant to the instant Motion, Mr. Still will be awarded a total fee under § 406 (b) of $9,455.50. Mr. Still is aware that the lesser of this award and the EAJA fee is to be refunded to his client.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that Russell C. Still's Motion To Approve Attorney's Fee (Docket No. 25) is granted to the extent he seeks approval of an award of attorney's fees in the amount of

-9-

$9,455.50.

**IT IS FURTHER ORDERED** that the motion is denied in all other respects.

_____
Frederick R. Buckles
UNITED STATES MAGISTRATE JUDGE

Dated this 9th day of June, 2010.